**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN BECHAK, | ) | Case No. 4:15 cv 1692 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| ATI WAH CHANG, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |

This matter is before the Court on Defendant ATI Precision Finishing, L.L.C.'s ("Precision") Motion to Dismiss the first count of Plaintiff's Complaint, as to personal injury, against Precision and the joint motion of Precision and ATI Wah Chang to dismiss the second cause of action, for punitive damages, in its entirety. (Doc. 10.) For the following reasons, the Motion to Dismiss is DENIED IN PART AND GRANTED IN PART.

I.    **FACTS**

Plaintiff, John Bechak, sets forth one claim for personal injury against Defendants ATI Wah Change; ATI Precision Finishing, Inc.; and Veolia ES Technical Solutions, LLC., jointly and severally. Plaintiff alleges specific acts and omissions by each defendant that purportedly combined to result more than four hundred pounds of unstable, pyrophoric, hazardous waste. A portion of this waste exploded, resulting in the death of Thomas Baily and disability of Plaintiff. According to the allegations in the Complaint, the explosion occurred during a disposal process,

which was selected based on incomplete and inaccurate information about how the material had been stored and handled. The acts and omissions alleged by Plaintiff include, but are not limited to, failure to comply with applicable regulations concerning the identification, storage, handling, and transport of the material.

## II.     STANDARD OF REVIEW

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008)). The Sixth Circuit explains:

> Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' 'Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, '[f]actual allegations must be enough to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.' *Twombly*, 550 U.S. at 555, 570. A plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012).  The complaint must rise to the level of "plausibility" by containing "more than labels and conclusions;" a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 564.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678 (2009).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.*  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-

unlawfully-harmed-me accusation."  *Id.*   A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

## III.    ANALYSIS

### (a)  Count One – Personal Injury

With regard to Count One, Defendant contends that Plaintiff has set forth only "formulaic recitation of the elements" that is insufficient to establish the "plausibility" necessary to sustain a cause of action. It is clear both from Precision's motion and Plaintiff's response that the Complaint includes specific factual allegations describing Precision's role in the purported mishandling, deterioration, and misidentification of the waste that is alleged to have created the explosive condition of the material. These allegations include: Precision produced the hazardous material using a gantry-born grinder on zirconium plates (Compl. ¶ 10.); Precision stored the swarf outside "unprotected from the elements" in 55-gallon drums, without the necessary license from the Pennsylvania Department of Environmental Protection, and in violation of federal rules and regulations, allowing the drums containing the material to drain out and the material to become too dangerous to be safely repacked (Compl. ¶¶ 14-15; 64-65); and that Precision shipped forty fifty-five gallon drums of "swarf" in "leaking rusty drums" that had "not been marked properly with appropriate warnings" and were "improperly sealed." (Compl., ¶ 17.) Plaintiff concludes "[a]s a direct and proximate result of the negligence, recklessness, and intentional actions of Defendants Precision Finishing, Wah Chang and Veolia, acting jointly and severally, Plaintiff Bechak suffered severe burns which caused great physical pain and suffering as well as mental injury as a result of the trauma of the explosion." (Compl., ¶ 74.)

This Court is constrained to consider the Complaint in a light most favorable to the Plaintiff. *Comtide Holdings*, *supra*. The cause of the explosion, the role of each defendant, and the extent

3

of each defendant's duty or responsibility concerning the material and the alleged injuries cannot be definitively established at this stage in the matter. The level of detail in the Complaint in this instance rises to the level of "plausibility" and contains "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and is therefore sufficient. *Twombly* and *Iqbal*, *supra*. This Court concludes that dismissal of Count One as to Precision is not warranted at this stage in the proceeding. Accordingly, Precision's Motion as to Count One is DENIED.

(b) **Count Two**

Precision contends and Plaintiff concedes that in Ohio there is no independent cause of action for punitive damages. *State ex rel. Bd. of State Teachers Ret. Sys. of Ohio v. Davis*, 865 N.E.2d 1289, 1295 (Ohio 2007). The parties further agree that a punitive damages claim may be properly included within Plaintiff's first cause of action for personal injury. Accordingly, Count Two of the Complaint is DISMISSED. Plaintiff shall file an Amended Complaint incorporating his damages claim within his cause of action for personal injury, forthwith.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED IN PART AND GRANTED IN PART. Plaintiff shall file his Amended Complaint forthwith.


**IT IS SO ORDERED**.


*/s/ John R. Adams*
_____
**U.S. DISTRICT COURT JUDGE**
**NORTHERN DISTRICT OF OHIO**


Dated: December 11, 2015

4