# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BECHAK, | ) | Case No. 4:15 cv 1692 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| ATI WAH CHANG, et al., | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | [Doc. # 78] |

This matter comes before the Court on the Motion [Doc. # 78] of Plaintiff, John Bechak, seeking sanctions for Defendants' alleged willful failure to disclose supporting material used by Defendants' expert Marcia E. Williams when preparing her report.  There is no dispute between the parties as to the facts that gave rise to Plaintiff's motion.  The deposition of Ms. Williams was scheduled to take place on August 30, 2016 at 12:30 p.m. via video conference.  At 11:59 on that date counsel for Defendants sent an email to Plaintiff's counsel with 141 pages of material generated by Ms. Williams appended thereto; these documents were followed at 12:26 p.m. with a second email that included 44 file attachments that collectively represented a multitude of documents consulted or relied upon by Ms. Williams when preparing her report.

The parties differ in their characterization of the materials provided and the operation of Civ. R. 26 to require disclosure of such materials.  Defendants urge this Court to conclude that

they provided the material as an unsolicited "good deed" when they realized Plaintiff had not subpoenaed it and contend that the majority of the material which, apart from Ms. Williams's engagement letter and invoices, included summaries of deposition transcripts, case documents, and copies of publically available reference materials, was referenced or identified in the original report. Defendants argue that the material was not subject to Civ. R. 26 disclosure requirements because it constitutes "working notes or recordings" that according to "*Moore's Federal Practice* ¶ 26.23 (2)(b)(ii)," edition unspecified, need not be produced as part of the disclosure requirement but may be subject to a subpoena or other document request. (Doc. #80, p. 2-3.)

Plaintiff emphasizes the fact that Civ. R. 26 was amended in 2010 to include "facts or data considered" in lieu of "data or other information." Civ. R. 26. Plaintiff contends that the breath of the language in Civ. R. 26, and this Court's Order requiring full compliance with the same, were sufficient to include the type of material Defendants sent immediately prior to the deposition. Plaintiff cites the Notes on the 2010 Amendment to Rule 26 (a)(2)(B)(ii) in support of his position on disclosure. According to the Notes the 2010 Amendment to Civ. R. 26 (a)(2)(B)(ii) was meant "to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel." At the same time, according to the Notes, the amended section is intended to be "interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients." The 2010 Notes further clarify that "[t]he disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." Fed. R. Civ. Pro. 26 (a)(2)(B)(ii) 2010 Amendment Notes.

Plaintiff asks that, due to Defendants' failure to fully comply with Civ. R. 26 and this Court's Order, Ms. Williams and her Report be excluded and prohibited from use for any

2

purpose as the case proceeds.  Plaintiff further requests fees for time spent preparing for and attending Ms. Williams's deposition and compensation for Plaintiff's copy of the deposition transcript.

Section 1927 of Title 28 of the U.S. Code provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  This section does not require a showing of subjective bad faith, but "[m]ere negligence or inadvertence, however, will not support a § 1927 sanction." *Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001).  Rather, "[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id*. (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)).  A court has inherent authority within the bounds of discretion, to sanction bad-faith conduct in litigation.  *Jones v. Illinois Central R. Co.*, 614 F.3d 843 (6th Cir. 2010) citing  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) and *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766–67, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

The gamesmanship inherent in producing thousands of pages of material minutes prior to a deposition is self-evident.  Nothing presented by Defendants justifies the decision to delay production of material that was clearly generated far in advance of the deposition date only to send the material in a manner calculated to disturb and disrupt the scheduled deposition.  The production of voluminous material in such a manner, regardless of whether it can later be characterized as referenced or identified in an earlier report, is precisely the type of behavior that

multiplies proceedings "unreasonably and vexatiously" and is antithetical to the letter and spirit of the Civil Rules, Local Rules, and this Court's Order, as they pertain to discovery and disclosures. Because, in this instance, it does not appear from the material presented that the August 30th documents substantively altered the conclusions reached in the Report as previously submitted, Defendants may continue to use both the Report and Ms. Williams as their expert.

Although Defendants may use the report, the opportunistic gamesmanship evident in the timing of the disclosure merits sanction. Accordingly, defense counsel shall compensate Plaintiff for the cost of preparing for and conducting Ms. Williams's deposition, including among other expenses, the court reporter's fee, as well as obtaining a transcript. They shall further make Ms. Williams available for a second deposition should Plaintiff indicate that it is necessary after having reviewed the material provided by Defendants in its entirety. Plaintiff shall arrange and conduct any such deposition forthwith and shall do so prior to the currently scheduled end of discovery. The Court does not anticipate granting any further extension of discovery for this purpose. Thus, Plaintiff's Motion for Sanctions [Doc #78] is GRANTED IN PART and DENIED IN PART. Plaintiff shall submit an itemization of the costs described to the Court within fourteen (14) days of the entry of this Order.

**IT IS SO ORDERED**.

                                                    */s/ John R. Adams*
                                          **U.S. DISTRICT COURT JUDGE**
                                          **NORTHERN DISTRICT OF OHIO**

Dated: October 20, 2016