UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BECHAK, | ) | CASE NO. 4:15 CV 1692 |
| Plaintiff, | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| ATI WAH CHANG, et al., | ) | |
| Defendants. | ) | **ORDER**<br>[Docs. #138; 150; 168; and 169] |

Before the Court are four motions for summary judgment. Plaintiff John Bechak seeks partial summary judgment (Doc. #138) against Defendant Veolia ES Technical Solutions on his breach of contract claim. Defendants ATI Wah Chang, Veolia ES Technical Solutions, and ATI Precision Finishing, LLC seek summary judgment dismissing Plaintiff's negligence and punitive damages claims. (Docs. #150, 168, 169.) The motions are fully briefed and the matter is now ripe for the Court's review.

**I. Facts**

The large majority of the alleged facts in this matter remain in dispute. What follows is a brief summary of the allegations relevant to this decision. Plaintiff was injured on December 17, 2011 in an explosion that killed his co-worker while the two men were preparing hazardous waste

1

material for incineration. Plaintiff's employer, Heritage-WTI, Inc., is not a party to this suit. Defendant ATI Precision Finishing, LLC was the generator of the hazardous waste involved in the explosion. Defendant ATI Wah Chang was the owner of the hazardous waste who directed the storage and treatment of the material before shipping it to Heritage-WTI, Inc. for incineration. Defendant Veolia ES Technical Solutions, LLC acted as a waste broker between ATI Wah Chang and Heritage-WTI, Inc. Veolia also provides waste disposal services. In 1999, Defendant Veolia ES Technical Solutions, LLC, acting as a waste broker for ATI Wah Chang, entered into a contract with Heritage-WTI, Inc., for the disposal of Defendant ATI Wah Chang's hazardous waste. Pursuant to the 1999 contract, the covered waste was identified by Defendants as Waste Information Profile No. 43443 and by Heritage-WTI, Inc. as Waste Profile No. 92796-1.

ATI Precision Finishing, LLC had an arrangement with AL Solutions, Inc., a metals recycling facility in Cumberland, West Virginia, for the zirconium fines it generated. In December 2010, zirconium fines spontaneously ignited during processing causing an explosion that ended AL Solutions' zirconium recycling operations. As a result of the explosion at AL Solutions, ATI Precision Finishing, LLC could no longer recycle or dispose of the zirconium waste it generated in late 2010/early 2011. Thereafter, barrels of waste accumulated at ATI Precision Finishing, LLC and were stored for a period of months, outside, in violation of waste permitting regulations. The material was then shipped to ATI Wah Chang where it was held while ATI Wah Chang attempted to make disposal arrangements. Due to the poor condition of the barrels when they were received by ATI Wah Chang, they had to be placed in larger barrels ("overpacked"), placed under soaker hoses, and later coated with oil.

In late 2011, Heritage-WTI, Inc. was approached by Defendants ATI Wah Chang/Veolia ES Technical Solutions who inquired whether the facility could accept material pursuant to the

1999 contract for disposal of Waste Information Profile No. 43443/No. 92796-1, but in non-conforming quantities due to the overpacking. Heritage-WTI, Inc. indicated that it could accept the material but that it would be necessary to split the material into quantities that its incinerator could handle. Upon receipt of the material, Heritage-WTI, Inc. began splitting and incinerating it, but one of the first batches placed in the incinerator ignited in the pre-chamber, halting operations. Heritage-WTI, Inc. investigated the cause and attempted a solution. The remaining portion of the batch was incinerated without further incident.

Plaintiff was involved in splitting a further portion of the material when the explosion that injured him occurred. The parties dispute a majority of the alleged facts regarding the generation, classification, responsibility for and handling of the material. The parties specifically dispute whether the material was in fact generated by ATI Precision Finishing, LLC, whether the material was properly identified and transported under applicable regulations, whether the material conformed to Waste Information Profile No. 43443/No. 92796-1, whether the material was remediated and stable for incineration, and whether the material was properly handled both before and after receipt by Heritage-WTI, Inc., among other issues.

## II. Legal Standard

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Estate of Smithers v. City of Flint*, 602 F.3d 758, 761 (6th Cir. 2010). A fact must be essential to the outcome of a lawsuit to be "material." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Summary judgment will be entered when a party fails to make a "showing sufficient to establish . . . an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317,

322-323 (1986). "Mere conclusory and unsupported allegations, rooted in speculation, do not meet [the] burden." *Bell v. Ohio State Univ.*, 351 F.3d 240, 253 (6th Cir. 2003).

Summary judgment creates a burden-shifting framework. *Anderson*, 477 U.S. at 250. The moving party has the initial burden of showing there is no genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000). When evaluating a motion for summary judgment, the Court construes the evidence and draws all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-moving party may not simply rely on its pleadings; rather it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1996).

**III. Law and Analysis**

    **(1)    Plaintiff's Motion for Partial Summary Judgment**

Plaintiff contends that he is an intended third-party beneficiary of the contract between Defendant Veolia ES Technical Solutions and his employer, Heritage-WTI, Inc., who is not a party to the suit herein. Plaintiff seeks partial summary judgment as to Defendant Veolia ES Technical Solutions' alleged liability for his injuries under the contract. Defendant Veolia ES Technical Solutions contends that Plaintiff failed to plead a breach of contract claim and that even if he had, Veolia is in compliance with applicable regulations, law, and industry standards and therefore not in breach of the contract. In the alternative, Defendant Veolia ES Technical Solutions argues that if it is in breach, any such breach is excused by Heritage-WTI, Inc.'s alleged failure to reject the non-conforming material and/or the various alleged breaches of the contract by Heritage-WTI, Inc. The Court notes that Defendant Veolia ES Technical Solutions is correct, Plaintiff does not explicitly state a claim for breach of contract. In the interests of judicial economy and efficiency,

4

the Court will assume arguendo that Plaintiff has, by using language from the contract, satisfied the requirements of notice pleading.

In support of his breach of contract claim, Plaintiff must demonstrate that he is entitled to enforce the terms of the Contract between Defendant Veolia ES Technical Solutions and Heritage-WTI, Inc. As Plaintiff acknowledges, it is settled law that "[o]nly a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio." *Grant Thornton v. Windsor House, Inc.*, 57 Ohio St.3d 158, 161 (1991) (citing *Visintine & Co. v. New York, C. & St. L. R. Co.*, 169 Ohio St. 505 (1959)). In *Hill v. Sonitrol of Southwestern Ohio, Inc.*, 36 Ohio St.3d 36, 40 (1988), the Ohio Supreme Court adopted the statement of law concerning third-party beneficiaries in Restatement of the Law 2d, Contracts (1981), Section 302. *See also Huff v. FirstEnergy Corp.*, 130 Ohio St.3d 196, 2011 Ohio 5083 (2011). The portion of the Restatement adopted by the Ohio Supreme Court states:

> (1) Unless otherwise agreed between promisor and promise, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>     (a)  the performance of the promise will satisfy an obligation of the promise to pay money to the beneficiary; or
>     (b)  the circumstances indicate that the promise intends to give the beneficiary the benefit of the promised performance.
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary

*Hill*, 36 Ohio St.3d at 40. The Ohio Supreme Court continued: "Comment *e* to Section 302 states: 'Performance of a contract will often benefit a third person. But unless a third person is an intended beneficiary as here defined no duty to him is created.'" *Id.*, *see also Norfolk & W. Co. v. United States*, 641 F.2d 1201 (6th Cir. 1980).

According to the Ohio Supreme Court, "[c]ourts generally presume that a contract's intent resides in the language the parties chose to use in the agreement." *Huff*, 130 Ohio St.3d at 200. In *Huff* the Ohio Supreme Court concluded: "Ohio law thus requires that for a third party to be an

5

intended beneficiary under a contract, there must be evidence that the contract was intended to directly benefit that third party." *Id*. Such intent will "[g]enerally" be found "in the language of the agreement." *Id*.

Plaintiff contends that the second section of the contract, titled "Safety," creates his alleged third-party beneficiary status. The section states:

> VEOLIA and [Heritage-WTI, Inc.] place the highest importance and priority upon the health and safety of their employees. VEOLIA and [Heritage-WTI, Inc.] will take all necessary precautions for the safety of their employees, subcontractors and agents who assist in the performance of this Agreement. VEOLIA and [Heritage-WTI, Inc.] will comply with all applicable laws, regulations and industry standards to prevent accidents or injuries to persons on or about the premises where the Services under this Agreement are being performed.

Doc. #138, Exhibit A, p. 2. Plaintiff does not reference the title of the contract, which is "Agreement for the Provision of Waste Services." Doc. #138, Exhibit A, p. 1. The purpose of the agreement is explained in the initial terms:

> VEOLIA is in possession of certain generators' chemical waste materials, as set forth in [Heritage-WTI, Inc.'s] waste profile sheets (hereinafter referred to as 'Waste Material'). Waste profile sheets will be completed for each waste stream and are incorporated herein by reference. VEOLIA desires to engage [Heritage-WTI, Inc.] to perform the following services ("Services"), noted with a check or checks below, with respect to such Waste Material

Doc. #138, Exhibit A, p. 1. The "Service" indicated under the clause is "Incineration." Doc. #138, Exhibit A, p. 1.

The language used in the portion of the contract on which Plaintiff relies plainly states the same purpose of the contract: performance of services by Heritage-WTI, Inc. to dispose of waste generated by clients of Defendant Veolia ES Technical Solutions. The "employees, subcontractors and agents" referenced in the section are the individuals "who assist in the performance of this Agreement." Doc. #138, Exhibit A, p. 2. The section of the contract Plaintiff cites, by its own terms, clearly states that employees are involved in the performance of the agreement, not the

6

beneficiaries of the services contemplated by the agreement. Thus the purpose of the contract is the disposal of hazardous waste, in accord with regulations and industry standards, including those relevant to the safety of employees, subcontractors, and agents. Nothing in the language of the agreement, including the safety provision, indicates that Plaintiff is an intended beneficiary of the agreement. Accordingly, Plaintiff's Motion for Partial Summary Judgment (Doc. #138) is DENIED.

**(2) Defendants' Motions for Summary Judgment**

Defendants Veolia ES Technical Solutions, ATI Precision Finishing, LLC, and ATI Wah Chang all seek summary judgment on Plaintiff's negligence and punitive damages claims. Plaintiff concedes that he cannot establish malice with regard to Defendant ATI Precision Finishing, LLC. Accordingly, Plaintiff's punitive damages claim is DISMISSED AS TO DEFENDANT ATI PRECISION FINISHING, LLC ONLY.

Plaintiff contests dismissal of all his remaining punitive damages claims as to Defendants ATI Wah Chang and Veolia ES Technical Solutions. The Court notes that Plaintiff, Defendant ATI Wah Chang, and Defendant Veolia ES Technical Solutions all cite deposition testimony and differing versions of alleged facts with regard to Plaintiff's negligence and remaining punitive damages claims. As the record amply demonstrates there is little agreement between the parties as to the nature and origin of the material involved in the December 2011 explosion, the cause of that explosion, and the responsibilities of the parties and a non-party with regard to handling of and communication about the material. In accord with the Court's rulings on expert testimony regarding causation and negligence and the disparate versions of the facts reflected in material submitted by parties seeking summary judgment, the Court finds that there remain genuine issues

of material fact at issue. The material now before the Court demonstrates that judgment as a matter of law would be premature at this stage.

**IV. Conclusion**

Plaintiff's Motion for partial summary judgment (Doc. #138) is DENIED. Defendant Veolia ES Technical Solutions motion for summary judgment (Doc. #150) is DENIED. Defendant ATI Precision Finishing, LLC's motion for summary judgment (Doc. #168) is GRANTED IN PART as to Plaintiff's punitive damages claim AND DENIED IN PART. Defendant ATI Wah Chang's Motion for Summary Judgment (Doc. #169) is DENIED. Plaintiff's claim for punitive damages is DISMISSED as to Defendant ATI Precision Finishing, LLC only.

IT IS SO ORDERED.

                                                                 /s/ John R. Adams
                                                       JUDGE JOHN R. ADAMS
                                                       UNITED STATES DISTRICT COURT

Date: October 12, 2017